Filed 12/15/20  P. v. Dailey CA2/4

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### SECOND APPELLATE DISTRICT

### DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B302256 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA063895) |
| v. | |
| SHAWN MARIE DAILEY, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court for Los Angeles County, George G. Lomeli, Judge.  Affirmed.

Jonathan E. Demson, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Charles S. Lee and Theresa A. Patterson, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant Shawn Marie Dailey, who was convicted of second degree murder, appeals from the summary denial of her petition for resentencing under Penal Code[1] section 1170.95. The trial court identified two bases for its summary denial. First, the court found that Senate Bill No. 1437 (S.B. 1437), which enacted section 1170.95, violated the California Constitution. Second, the court found that defendant was ineligible for relief because she, with the intent to kill, aided and abetted the murder and/or was a major participant who acted with reckless indifference to human life. In reaching this second finding, the court mistakenly stated that defendant also had been convicted of robbery and that the jury found true the special circumstance allegation that the murder was committed during the commission of a robbery.

Defendant contends, and the Attorney General concedes, that the trial court erred by finding S.B. 1437 violated the constitution. We agree. Defendant also contends the trial court erred by basing its denial of her petition on its mistaken belief that the jury convicted her of robbery and found the special circumstance allegation to be true, and by denying the petition without appointing her counsel and allowing briefing, which she asserts violated both section 1170.95 and her state and federal constitutional rights to due process and the assistance of counsel. While there is no question the trial court was under a misimpression regarding the jury's verdict and findings, we conclude there was no prejudicial error from the summary denial because as a

---

[1] Further undesignated statutory references are to the Penal Code.

2

matter of law defendant was not eligible for resentencing. Accordingly, we affirm the denial of defendant's petition.

## BACKGROUND

Our summary of the background regarding the murder and defendant's conviction is based upon our opinion affirming the conviction, *People v. Dailey, et al.* (April 29, 1997, B095260) [nonpub. opn.].

A.      *The Murder and Conviction*

Defendant and her boyfriend, Virgil Curt Grundy, along with defendant's three sons, lived with and were supported by defendant's mother, Clara Christine Dailey (Christine).  On August 18, 1992, defendant's eldest son, 11-year-old Anthony, had gone to bed after saying goodnight to Christine, and was awakened by the sound of gunshots.  He heard Christine's bedroom door (which was downstairs) being opened, his mother scream, and his mother and Grundy running upstairs to defendant's bedroom.  He heard Grundy saying to defendant, "Come on Shawn, come on," then heard them go downstairs and out of the house, with Grundy saying, "Come on, hurry up."

From his bedroom window, Anthony saw defendant and Grundy (who was carrying Christine's purse) get into Christine's van and drive away, leaving Anthony behind (his brothers were at summer camp). About 15 minutes later, Anthony went downstairs and found Christine lying in a pool of blood.  She had numerous wounds to her head, face,

3

neck, chest, and knees, consistent with being beaten with a baseball bat, and had died from a single gunshot wound to her head.

At the scene of the killing police found, among other items, a torn strip of duct tape from which they recovered defendant's fingerprints. They also found a gag made out of duct tape and a towel in defendant's bedroom.

Defendant was arrested two weeks later, and Grundy was arrested a few weeks after defendant. Both were charged by information with one count of murder (§ 187, subd. (a)) and one count of first degree residential robbery (§ 211). It was further alleged that a principal in the murder and the robbery was armed with a firearm (§ 12022, subd. (a)(1)), and that the murder was committed by defendant and Grundy while they were engaged in the commission of a robbery within the meaning of section 190.2, subdivision (a)(17). A jury found both defendant and Grundy guilty of murder, found it was in the second degree, found the firearm allegation to be true, and found the special circumstances allegation to be false. The jury acquitted both defendant and Grundy on the robbery count.

The trial court sentenced defendant to 15 years to life for the murder, plus one year for the firearm enhancement. Defendant appealed from the judgment, and we affirmed.


B.   *The Petition for Resentencing*

In August 2019, defendant filed a form petition for resentencing under section 1170.95. On the form, she checked the boxes indicating that an information had been filed against her that allowed the

4

prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine, that she was convicted of first or second degree murder under one of those theories, that she could not now be convicted because of changes made to sections 188 and 189, and that she requested the appointment of counsel for the resentencing process.

Without appointing counsel for defendant or allowing briefing, the trial court denied the petition in a written order. In recounting defendant's conviction, the court stated that she and Grundy "were convicted of one count of second degree murder, one count of robbery with the jury also finding true the firearm enhancement as well as the special circumstance under [section] 190.2(c)(19) [*sic*] in that murder during the commission of a robbery." The court concluded that—based upon its "review of the overall court record"—"the overall evidence clearly establishes that the petitioner's conduct in the robbery and murder of her mother established that she either with the intent to kill aided and abetted the murder of her mother and/or was a major participant who acted with reckless indifference to human life," and therefore she was not entitled to resentencing under section 1170.95.[2] Defendant timely appealed from the order denying her petition.

---

[2] As noted, the trial court also found that S.B. 1437 and section 1170.95 were unconstitutional. However, because the Attorney General concedes that this ruling was erroneous, we need not discuss the court's reasoning or address it further.

## DISCUSSION

Defendant contends that her petition set forth the elements necessary to establish a prima facie case for relief, and that the trial court erred by misreading the record of conviction and by attempting to ascertain whether the evidence presented at trial, the prosecution's theory of the case, the jury instructions, and the jury's verdict and findings supported defendant's claim of eligibility for relief. She also contends that making the determination that she was ineligible without appointing her counsel and allowing her an opportunity to brief the issues violated her constitutional rights to the assistance of counsel and due process. We conclude that, although the trial court based its ruling in part on a misreading of the record of conviction and may have erred to the extent it found that defendant showed reckless indifference to human life in the commission of the murder, there was no prejudicial error because the record establishes as a matter of law that defendant was not convicted of felony murder or murder under a natural and probable consequences theory. We also conclude that summary denial of her petition did not violate defendant's constitutional rights.

A. *S.B. 1437 and Section 1170.95*

"[S.B.] 1437 . . . was enacted to 'amend the felony murder rule and the natural and probable consequences doctrine, . . . to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant of the underlying felony who acted with reckless indifference to human life.' (Stats. 2018, ch. 1015, § 1, subd. (f).) [S.B.] 1437 achieves these goals by

6

amending section 188 to require that a principal act with express or implied malice and by amending section 189 to state that a person can only be liable for felony murder if (1) the 'person was the actual killer'; (2) the person was an aider or abettor in the commission of murder in the first degree; or (3) the 'person was a major participant in the underlying felony and acted with reckless indifference to human life.' (§ 189, subd. (e), as amended by Stats. 2018, ch. 1015, §§ 2, 3.)

"[S.B.] 1437 . . . added section 1170.95, which allows a 'person convicted of a felony murder or murder under a natural and probable consequences theory [to] file a petition with the court that sentenced the petitioner to have the petitioner's murder conviction vacated and to be resentenced on any remaining counts.' (§ 1170.95, subd. (a).) To file the petition, all three of the following conditions must be met: '(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine. [¶] (2) The petitioner was convicted of first or second degree murder following a trial . . . . [¶] (3) The petitioner could not be convicted of first or second degree murder because of changes to [s]ection 188 or 189.' (*Ibid.*) The petition shall include a declaration stating that 'he or she is eligible for relief under this section' based on the three requirements of subdivision (a). (§ 1170.95, subd. (b)(1).)" (*People v. Cornelius* (2020) 44 Cal.App.5th 54, 57 (*Cornelius*), review granted March 18, 2020, S260410.)

The language and structure of section 1170.95, "viewed in context, makes plain the Legislature's intent to permit the sentencing court,

7

before counsel must be appointed, to examine readily available portions of the record of conviction to determine whether a prima facie showing has been made that the petitioner falls within the provisions of section 1170.95—that is, a prima facie showing the petitioner may be eligible for relief because he or she could not be convicted of first or second degree murder following the changes made by [S.B.] 1437 to the definition of murder in sections 188 and 189." (*People v. Verdugo* (2020) 44 Cal.App.5th 320, 323 (*Verdugo*), review granted March 18, 2020, S260493; see also *People v. Lewis* (2020) 43 Cal.App.5th 1128, 1137-1140, review granted March 18, 2020, S260598; *Cornelius, supra*, 44 Cal.App.5th at p. 58.)

The statute establishes a three-step process for evaluating a section 1170.95 petition. (*Verdugo, supra,* 44 Cal.App.5th at pp. 327-328, 330; see also *People v. Torres* (2020) 46 Cal.App.5th 1168, 1177, review granted June 24, 2020, S262011.) In the first step, the trial court must review the petition to determine if any of the information required by section 1170.95, subdivision (b)(1) is missing from the petition and cannot be readily ascertained by the court; if so, the court may deny the petition without prejudice. (*Verdugo, supra*, 44 Cal.App.5th at pp. 327-328.) If the court deems the petition facially sufficient, "[s]ubdivision (c) then prescribes two additional court reviews before an order to show cause may issue, one made before any briefing [or appointment of counsel] to determine whether the petitioner has made a prima facie showing he or she falls within section 1170.95—that is, that the petitioner may be eligible for relief—and a second after

8

[appointment of counsel and] briefing by both sides to determine whether the petitioner has made a prima facie showing he or she is entitled to relief." (*Id.* at p. 328.)

In the present case, our focus is on the second step, i.e., the trial court's initial prima facie review under subdivision (c) of section 1170.95. As the court explained in *Verdugo*, that review "must be something more than simply determining whether the petition is facially sufficient"[3] (*Verdugo, supra*, 44 Cal.App.5th at p. 328), but it "must also be different from the postbriefing prima facie showing the petitioner 'is entitled to relief,' required for issuance of an order to show cause, if only in the nature and extent of materials properly presented to the court in connection with the second prima facie step" (*id.* at p. 329). Thus, the court concluded the initial prima facie review under subdivision (c) "is a preliminary review of statutory eligibility for resentencing, a concept that is a well-established part of the resentencing process under Propositions 36 and 47. [Citations.] The court's role at this stage is simply to decide whether the petitioner is ineligible for relief as a matter of law, making all factual inferences in favor of the petitioner." (*Ibid.*) "However, this authority to make determinations without conducting an evidentiary hearing . . . is limited to readily ascertainable facts from the record (such as the crime of conviction), rather than factfinding involving the weighing of evidence

---

[3] The court noted that if this were not the case, the first sentence of subdivision (c) would be surplusage in light of subdivision (b)(2). (*Verdugo, supra*, 44 Cal.App.5th at pp. 328-329.)

9

or the exercise of discretion (such as determining whether the petitioner showed reckless indifference to human life in the commission of the crime)." (*People v. Drayton* (2020) 47 Cal.App.5th 965, 980 (*Drayton*).)

B.     *Defendant is Ineligible for Relief as a Matter of Law*

In the present case, it appears the trial court may have exceeded the limitation described in *Drayton* when it found that defendant was a major participant in the murder who acted with reckless indifference to human life. Nevertheless, we must affirm the court's denial of defendant's petition because, as the Attorney General observes, the record of conviction—specifically, the instructions given to the jury and the jury's verdict—indisputably shows that defendant was not convicted of felony murder or murder under a natural and probable consequences theory, and therefore she was ineligible for resentencing under section 1170.95.

The jury found defendant guilty of second degree murder and, contrary to the trial court's statement, acquitted her of robbery and found to be false the special circumstance allegation that the murder was committed during the commission of a robbery. The jury could not have found her guilty of murder under a natural and probable consequences theory because the jury was not instructed on that theory. And, although the jury was instructed on felony murder, it was instructed that if the jury found felony murder liability, the murder would be of the first degree. Since the jury did not find defendant guilty of first degree murder—and acquitted defendant on the robbery count— it necessarily did not find her guilty under a felony murder theory.

10

Instead, by finding defendant guilty of second degree murder, the jury necessarily found that defendant, either as the actual killer or as an aider and abettor, participated in Christine's murder with an intent to kill.[4] Therefore, the amendments made by S.B. 1437 had no effect on defendant's conviction, and as a matter of law she is not entitled to resentencing under section 1170.95. (Stats. 2018, ch. 1015, § 1, subd. (f) [S.B. 1437 amended "the felony murder rule and the natural and probable consequences doctrine, . . . to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant of the underlying felony who acted with reckless indifference to human life"].)

C.     *Defendant's Constitutional Rights Were Not Violated*

Defendant contends the determination whether her petition states a prima facie case for relief is a critical stage of the criminal proceeding, for which the federal and state constitutions guarantee defendant the right to counsel. But as our Supreme Court explained, proceedings under a statutory enactment that entitles an inmate to petition for resentencing to reduce, recall, or vacate a sentence do not implicate the Sixth Amendment (right to the assistance of counsel under the United States Constitution), because a finding that the inmate is not eligible for resentencing "does not increase the petitioner's sentence; it simply

---

[4]     The jury was instructed on second degree murder as follows: "Murder of the second degree is [also] the unlawful killing of a human being with malice aforethought when there is manifested an intention unlawfully to kill a human being but the evidence is insufficient to establish deliberation and premeditation." (CALJIC No. 8.30.)

leaves the original sentence intact." (*People v. Perez* (2018) 4 Cal.5th 1055, 1064; see also *Dillon v. United States* (2010) 560 U.S. 817, 828-829.)

For the same reason, these proceedings do not implicate article I, section 15 of the California Constitution, despite its more expansive scope. Under our state constitution, a criminal defendant's right to counsel extends to "critical" stages of the criminal process, which "can be understood as those events or proceedings in which the accused is brought in confrontation with the state, where potential substantial prejudice to the accused's rights inheres in the confrontation, and where counsel's assistance can help to avoid that prejudice." (*Gardner v. Appellate Division of Superior Court* (2019) 6 Cal.5th 998, 1004-1005.) But a proceeding initiated by a criminal defendant who has been convicted and sentenced, in which the court must determine whether the record of conviction shows that the convicted defendant may be eligible for a sentence reduction is not a proceeding that subjects an "accused" to potential substantial prejudice to his or her rights. Thus, the summary denial of a section 1170.95 without the appointment of counsel does not violate the California Constitution.

Defendant's second constitutional argument is based upon the due process rights found in the federal and state constitutions. She argues that a court violates a criminal defendant's due process rights if it deprives that defendant of a liberty interest without due process of law, and that section 1170.95 creates a liberty interest in having counsel appointed and by giving a criminal defendant the expectation of receiving a certain right or benefit. However, as discussed in section A.,

*ante*, there was no such liberty interest created by section 1170.95. Rather, the statute specifically contemplates that the trial court must determine, before appointment of counsel or briefing, whether the record of conviction shows that the petitioner falls within the provisions of the statute.

## DISPOSITION

The order denying defendant's section 1170.95 petition is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


                                        WILLHITE, Acting P. J.

We concur:


COLLINS, J.


CURREY J.